IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS M. WEILACHER and )
  MELISSA WEILACHER, )
  husband and wife, )
                                                                                                  )
      Plaintiffs, )
                                                                                                  )
           vs. ) Civil Action No. 10-1401
                                                                                                   )
STATE FARM MUTUAL AUTOMOBILE )
  INSURANCE COMPANY, )
                                                                                                  )
      Defendant. )

**MEMORANDUM OPINION**

Pending before the Court is a motion by Plaintiffs Thomas M. Weilacher and his wife, Melissa Weilacher ("the Weilachers"), seeking remand of this matter to the Court of Common Pleas of Allegheny County (Doc. No. 4, "Motion.") Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the Motion. For the reasons set forth below, Plaintiffs' Motion is granted.

I.  **BACKGROUND**

    A.  Factual History

As alleged in the Complaint, Thomas and Melissa Weilacher purchased a series of motor vehicle liability insurance policies issued by State Farm[1] ("the policy") beginning in 1994. Over the years, the scope of coverage was modified with regard to the amount of

---

[1] State Farm is a mutual insurance company domiciled in and with its principal place of business located in Bloomington, Illinois, and is licensed by the Pennsylvania Department of Insurance to sell and write personal automobile insurance policies in the Commonwealth. (Complaint, ¶ 2.)

1

uninsured or underinsured coverage. On January 23, 2009, the Weilachers applied for bodily injury insurance of $500,000 and Defendant provided coverage in that amount for each of Plaintiffs' two vehicles. Plaintiffs never "requested in writing" the issuance of uninsured or underinsured motorist coverage in an amount "less than the limits of liability for bodily injury" as those terms are used in 75 Pa. C.S.A. § 1734, nor did they waive "stacking" of the underinsured motorist coverage by signing the form required by 75 Pa. C.S.A. § 1738.

Ms. Weilacher was seriously injured on April 26, 2010, when the Pontiac she was driving was struck by another vehicle. Shortly thereafter, the insurer of the other vehicle paid $50,000 (the maximum amount of the injury liability policy held by the other driver) to the Weilachers in exchange for a general release. The Weilachers, through their attorney, promptly advised State Farm of this payment and demanded underinsured motorist benefits under the State Farm policy. On July 16, 2010, the Weilachers' attorney wrote to State Farm, demanding underinsured motorist coverage at the limit of $500,000 for each of the two vehicles insured under the policy and stacking of that coverage. To date, State Farm has failed to agree that the total underinsured motorist coverage, when stacked, is $1,000,000 or to pay that amount to the Weilachers.

B.  Procedural Background

Mr. and Mrs. Weilacher filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania, on September 27, 2010, seeking a declaratory judgment that the limit of underinsured motorist

2

coverage in the policy issued to them and in effect on April 26, 2010, is $500,000 on each of the two insured vehicles; that the amount of coverage should be stacked; and that State Farm is obligated to pay them the full amount of coverage under the policy, i.e., $1,000,000.

Pursuant to 28 U.S.C. § 1446(b), State Farm timely removed the matter to this Court on October 22, 2010, based on complete diversity of the parties and an amount in controversy greater than $75,000.00. See 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).

The Weilachers then filed the now-pending motion to remand the matter to state court on October 25, 2010. The parties having fully briefed the issues, the Motion is ripe for decision.

## II. DISCUSSION

### A. Relevant Law of Remand

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction. . .to the district court. . .embracing the place where such action is pending." 28 U.S.C. § 1441(a). A motion to remand such a removed case to the state court in which it was originally filed on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. See 28 U.S.C. § 1447(c). Although the burden of establishing jurisdiction is generally on the plaintiff, in the case of removal from state court, the burden is on the removing defendant to show that federal jurisdiction is proper. Booth v. Baldwin, CA No. 09-1361, 2009 U.S. Dist. LEXIS 104140, *5-*6 (W.D. Pa. Nov. 9, 2009), citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir.

3

2005). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

B. The Parties' Arguments

The Weilachers' motion to remand was timely filed and they do not dispute the fact that this Court would have jurisdiction under 28 U.S.C. § 1332 based on the amount in controversy and complete diversity of the parties. Instead, they argue that under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a) ("the Act"), this Court has discretion to remand the case to state court and, under controlling law of the United States Supreme Court and the United States Court of Appeals for the Third Circuit, should do so. That is, this case involves no questions of federal constitutional or statutory law nor do Plaintiffs intend to avail themselves of any claim or right to relief thereunder. The sole issues to be resolved in this matter are based on Pennsylvania law, specifically the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701 *et seq.* ("MVFRL"") and are best decided by a Pennsylvania court. (Memorandum of Law in Support of Plaintiffs' Motion for Remand, Doc. No. 5.)

State Farm argues there is no question this matter can be removed to federal court because it is a declaratory judgment action in which the Court has subject matter jurisdiction based on diversity. While it is true there is no parallel state action pending, nor is any such action anticipated, there are also no conflict of interest issues and no possibility of duplicative litigation. Therefore, under the general guidelines laid out by the Third Circuit Court of Appeals in

4

State Auto Insurance Companies v. Summy, 234 F.3d 131 (3d Cir. 2000) ("Summy"), the Court should exercise its discretion, assume jurisdiction, and resolve the issues raised by Plaintiffs herein. (Response to Motion to Remand, Doc. No. 6, "Def.'s Resp.")

C. Analysis and Conclusion

"It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment apply in diversity cases." McKenna v. PSS World Med., Inc., CA No. 09-0367, 2009 U.S. Dist. LEXIS 58292, *5 (W.D. Pa. July 9, 2009), *quoting* Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 352 (3d Cir. 1986). Thus, the Court's authority to exercise jurisdiction is governed by the federal Declaratory Judgment Act, which provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Scottsdale Ins. Co. v. Broaddus, CA No. 08-3241, 2009 U.S. Dist. LEXIS 14879, *3 (E.D. Pa. Feb. 11, 2009), *quoting* 28 U.S.C. § 2201(a). The Supreme Court has frequently described the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Pub. Serv. Comm'n v. Wycoff Co., Inc., 334 U.S. 237, 241 (1952); Green v. Mansour, 474 U.S. 64, 72 (1985); Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). The discretion conferred extends to "determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton, 515 U.S. at 282; Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942) (noting that

5

"although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act. . .it was under no compulsion to exercise that jurisdiction.")

In Summy, a case relied upon by both Plaintiffs and Defendant, the Court of Appeals provided a roadmap to the issues a district court should consider in determining whether to assume jurisdiction in a case such as this. The facts of Summy were slightly different from those of this case in that when the policy holder threatened to file suit in the Court of Common Pleas of Lancaster County seeking a declaratory judgment regarding the extent of coverage in the policy issued by State Auto Insurance Companies, the company filed a declaratory judgment action in the federal District Court for the Eastern District of Pennsylvania on the same question. Summy moved to dismiss or stay the federal action, arguing that the court should decline, as a matter of discretion, to exercise its jurisdiction. A few days later, Summy filed his own declaratory judgment action in state court. The district court denied Summy's motion without explanation and granted State Auto's motion for summary judgment. Id., 234 F.3d at 131-133.

On appeal, Summy challenged the decision of the district court to adjudicate the declaratory judgment. The Court of Appeals, following a comprehensive discussion of the issue, including analysis of the Supreme Court's holdings in Wilton and Brillhart, *supra*, concluded that the lower court's decision to assume jurisdiction "was not consistent with a sound exercise of discretion." Summy, 234 F.3d at 136.

In a number of decisions following Summy, the Court of Appeals and district courts of this Circuit have developed a set of questions which the district should consider in determining whether to assume jurisdiction when there is a conflict between the parties as to the appropriate venue. These questions include:

- Does the case implicate questions of federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding?

- Is the declaratory judgment action restricted to issues of state law?

- Is there a well-developed body of state law on the issues?

- Is the state law in question firmly established or are there conflicting opinions?

- Are the questions of law better suited for resolution in a state court?

- Are there parallel proceedings involving the same parties pending or are such proceedings imminent in state court?

Where there are federal questions or issues of sovereign immunity, the federal court should assume jurisdiction over the action. Summy, 234 F.3d at 134. Although there are a number of subsidiary questions to be asked if the case involves significant federal issues or a mix of federal and state issues (see United States v. Pennsylvania Dep't of Envtl. Resources, 923 F.2d 1071, 1075-1076 (3d Cir. 1991)), we need not address those questions here. The Weilachers assert that there are no such issues in this case, the Court agrees that none are evident on the face of the Complaint, and Defendant does not address this issue in its Response to the Motion. This factor therefore, weighs in favor of remand.

7

Plaintiffs also argue, and the Court agrees, that the only issues to be decided in this case are those related to state law, i.e., the Pennsylvania Motor Vehicle Financial Responsibility Law. In cases which revolve solely around state law issues, federal courts should hesitate to entertain such actions. Summy, 234 F.3d at 134-135; Atl. Mut. Ins. Co. v. Gula, No. 02-4160, 2003 U.S. App. LEXIS 25431, *4 (3d Cir. Dec. 1, 2003); Cabot Oil & Gas Corp. v. Jordan, 698 F. Supp.2d 474, 476 (M.D. Pa. 2010) ("Summy cautioned that district courts 'should give serious consideration to the fact that they do not establish state law, but are limited to predicting it,' a consideration especially important in insurance coverage cases.") Here, the specific questions Plaintiffs have asked the court to address concern only the interpretation of the insurance policy and whether coverage for two vehicles should be "stacked"[2] to allow them to recover a total of $1,000,000. Defendant argues that "the case law that provides the most guidance to the issues presented in this action are federal district court decisions." (Def.'s Resp., ¶ 7, *citing* Cebula v. Laurel & Son Alliance Ins. Co., 158 F. Supp.2d 455 (M.D. Pa. 2001), and State Farm v. Hughes, 438 F. Supp.2d 526 (E.D. Pa. 2006).) While we agree that those cases do address the question of stacking, a careful reading of them reflects, as is proper, repeated reliance on Pennsylvania state court cases. In fact, Pennsylvania has an abundance of reported state court cases interpreting the MVFRL and the issue of stacking, including decisions of the Pennsylvania Supreme

---

[2] "Stacking" is the practice of adding coverage available from multiple vehicles and/or policies to provide a greater total amount of coverage than would be available for one vehicle or under one policy. See McGovern v. Erie Ins. Group, 796 A.2d 343, 344 (Pa. Super. Ct. 2002).

8

Court. *See, e.g.*, Generette v. Donegal Mut. Ins. Co., 957 A.2d 1180 (Pa. 2008); Sackett v. Nationwide Mut. Ins. Co., 934 A.2d 1155 (Pa. 2007); Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100 (Pa. 1999); Gov't Emples. Ins. Co. v. Ayers, 955 A.2d 1025 (Pa. Super. Ct. 2010); Hartford Ins. Co. v. O'Mara, 907 A.2d 589 (Pa. Super. Ct. 2007); and Vosk v. Encompass Ins. Co., 851 A.2d 152 (Pa. Super. Ct. 2005). Where there is a well-developed body of state law, "there would seem to be even less reason for the parties to resort to the federal courts." Summy, 234 F.3d at 136.

Moreover, this is an area of the law which is still evolving. *See* Transguard Ins. Co. of Am., Inc. v. Hinchley, 433 F. Supp.2d 450, 453 (E.D. Pa. 2006) ("the issue of stacking is somewhat confusing and has been developing in Pennsylvania for the last several decades"); *see also* Lewis v. Erie Ins. Exchange, 793 A.2d 143, 150-152 (Pa. 2002), discussing the historical background of the MVFRL. Where questions of state law "are better suited for resolution in state court,. . .the federal court may properly abstain from deciding a declaratory judgment claim." Marshall v. Lauriault, 372 F.3d 175, 184 (3d Cir. 2004); State Auto Mut. Ins. Co. v. Toure, CA No. 02-7986, 2003 U.S. Dist. LEXIS 15495, *5 (E.D. Pa. 2003) ("the state's interest in determining issues of state law. . . weighs against exercising jurisdiction.")

State Farm also argues that there are no parallel state court proceedings here as there were in Summy and therefore this Court's exercise of jurisdiction would not result in duplicative litigation. (Def.'s Resp., ¶10.) However, while this is a factor to be

9

considered, courts have generally concluded that it is neither a prerequisite nor a determinative factor in the decision-making process. See Nationwide Mutual Ins. Co. v. Yungwirth, CA No. 04-1681, 2005 U.S. Dist. LEXIS 28130, *4-*5 (W.D. Pa. Nov. 15, 2005) (citing Wilton, Summy and other cases.)

Finally, State Farm implies generally that because this Court *may* exercise its jurisdiction, it *should* do so. Contrary to this position, the Court in Summy specifically pointed out that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136. Moreover, courts have held that the plaintiff's objections to federal court jurisdiction -- such as we have here -- is another factor in favor of remand. See, e.g., Rinkenbach v. State Auto Ins. Co., CA No. 07-870, 2007 U.S. Dist. LEXIS 33141, * 10 (E.D. Pa. May 4, 2007).

In sum, having reviewed the guidelines established by the Third Circuit Court of Appeals, the facts as set forth in the Complaint, and the arguments of the parties, the Court concludes that this matter should be remanded to the Pennsylvania state courts.

As a final note, State Farm has suggested that if the Court does decide to remand this matter, the case should be transferred from the Court of Common Pleas of Allegheny County to the Court of Common Pleas of Erie County, as that county "has all the contacts."[3] (Def.'s Resp., ¶¶ 11-12.) We decline to do so because, as Plaintiffs point out, an

---

[3] The Weilachers live in Erie County and the accident which occurred on April 26, 2010, took place in that county. (Complaint, ¶¶ 1 and 14.)

action against an insurance company may be brought in any county "where it regularly conducts business." (Plaintiffs' Reply, Doc. No. 7, ¶ 4, *citing* Pennsylvania Rule of Civil Procedure 2179(a)(2).[4]) State Farm cannot reasonably argue that it does not "regularly conduct[] business" in Allegheny County. Should Defendant seek a change of venue to Erie County, it may, of course, do so in the court of common pleas following remand.

An appropriate Order follows.

November 16, 2010

William L. Standish
United States District Judge

---

[4] Pa. R.C.P. 2179(b) provides in relevant part that "An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought (1) in a county designated in Subdivision (a) of this rule. . . ." Subdivision (a)(2) in turn provides in relevant part that "a personal action against a corporation or similar entity may be brought in and only in. . . (2) a county where it regularly conducts business."

11